IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMBIL ISAIAS ESCOBAR MEJIA, | § § | |
| Petitioner, | § § | |
| | § | CIVIL ACTION NO. H-06-2093 |
| v. | § § | |
| ALBERTO GONZALES, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Embil Isaias Escobar Mejia, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the duration of his custody by the Bureau of Immigration and Customs Enforcement. (Docket Entry No. 1.) Respondent filed a motion to dismiss (Docket Entry No. 12), to which petitioner has not responded. After considering the pleadings, the motion, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit.

### I. BACKGROUND

According to the pleadings, petitioner is a native and citizen of El Salvador. He was granted asylum in the United States in 1990, but never sought permanent citizenship. On December 12, 2003, he was convicted of state felony robbery and sentenced to two years incarceration. Respondent commenced removal proceedings based on the conviction, and following his release from prison, detained him. On January 17, 2006, the immigration judge reopened petitioner's deportation proceedings, and on June 30, 2006, petitioner filed a

second application for asylum and withholding of removal. Documents submitted by respondent show that a hearing to determine petitioner's asylum or removal is scheduled for August 29, 2006. Accordingly, to-date, there has been no final removal or asylum ruling by the immigration judge and no subsequent review by the Board of Immigration Appeals. In short, petitioner's asylum or removal proceedings are pending, and his administrative remedies remain unexhausted.

Petitioner further claims, without factual explanation, that his removal to El Salvador would endanger his life.

## II. DISCUSSION

The proceedings in petitioner's underlying asylum and removal case remain pending, and no final order for removal or asylum has been entered. Petitioner's detention during removal proceedings is constitutionally permissible. *See Denmore v. Kim*, 538 U.S. 510, 531 (2003). Petitioner's reliance on *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001), is misplaced, as he is not challenging a post-removal order period of detention. No grounds for habeas relief are shown.

Even assuming existence of a final order for removal, this Court is without jurisdiction to consider petitioner's claim of life endangerment. Under section 106 of the REAL ID Act, enacted May 11, 2005, this Court lacks jurisdiction to review the Board's decision for removal. Exclusive jurisdiction to review finals orders for removal by the Board is vested in the federal courts of appeal. 8 U.S.C. § 1252(a)(5).

## III.  CONCLUSION

The motion to dismiss (Docket Entry No. 12) is **GRANTED** and this case is **DISMISSED**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 25th day of August, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE